O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Case Nos. EDCV 14-00822-VAP EDCR 12-00017-VAP |
| Plaintiff/Respondent, | ) ) | **ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |
| v. | ) ) | |
| JOHN JAMES FLORES, | ) ) | **[Motion filed on April 24, 2014]** |
| Defendant/Movant. | ) ) ) | |
| _____ | ) | |

### I. SUMMARY OF PROCEEDINGS

On April 24, 2014, John James Flores ("Petitioner")
filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set
Aside, or Correct A Sentence by a Person in Federal
Custody." ("Motion" or "Mot.")([Crim.] Doc. No. 595;
[Civ.] Doc. No. 1,).[1]  On June 2, 2014, the United States
filed an Opposition ("Opp'n") to the Motion.  ([Crim.]

_____

[1]    Some of the documents filed in connection with
this Motion appear only on the docket in the underlying
criminal case, CR 12-00017(A)-VAP.  Citations to [Civ.]
indicate documents on the docket for this Motion.
Citations to [Crim.] indicate documents on the docket for
the underlying criminal case.

1   Doc. No. 599.)  Petitioner filed a Response to the

2   Government's Opposition on June 18, 2014.[2]  On July 23,

3   2014, Petitioner filed a "Motion to comply with Local

4   Rule 11-4.1."  ("Motion to Comply" ([Crim.] Doc. No. 612;

5   [Civ.] Doc. No. 5).)  The Court addresses the additional

6   contentions asserted in the Response and that motion

7   separately, below.

8

9                   **II. BACKGROUND**

10      On January 8, 2013, Petitioner pled guilty to Count 1

11  of the Superseding Indictment, conspiracy to possess with

12  intent to distribute and distribute heroin in violation

13  of 21 U.S.C. § 846. (Minutes of Change of Plea Hearing

14  ([Crim.] Doc. No. 298).)  Petitioner entered his guilty

15  plea pursuant to a written plea agreement.  ("Plea

16  Agreement") ([Crim.] Doc. No. 259).

17

18      The Plea Agreement contains the following provisions:

19  (1) Petitioner agreed to waive his right to a direct

20  appeal of his conviction, with the exception of bringing

21  an appeal that his plea was involuntary  (Plea Agreement

22  ¶ 18); (2) Petitioner agreed to waive his right to bring

23

24          [2]    The Response was initially stricken from the
25  Court's docket for failure to comply with former Local
    Rule 11-4.1, which required litigants to provide one
26  extra copy of each document filed for the judge's use.
    (See [Crim.] Doc. Nos. 606-07; [Civ.] Doc. No. 4.)  By
27  order of the Court, these entries were restored to the
    docket on July 31, 2014.  (See [Crim.] Doc. No. 618;
28  [Civ.] Doc. No. 6.)

a direct appeal challenging the calculation of his
sentence, provided that he was assigned an offense level
of 31 or lower, and the criminal history category
calculated by the Court (Plea Agreement ¶ 19);
(3) Petitioner agreed to waive his right to bring a post-
conviction collateral attack on his conviction or
sentence, with the exception of claims based on
ineffective assistance of counsel, newly discovered
evidence, or a change to the Sentencing Guidelines,
sentencing statutes, or statutes of conviction (Plea
Agreement ¶ 20); and (4) Petitioner further agreed that
no promises, inducements, or representations of any kind
had been made to him other than those contained in the
agreement.  Moreover, he agreed that no one had
threatened him or forced him to sign the agreement and
that he was pleading guilty to take advantage of the
promises in the agreement.  (Plea Agreement,
Certification of Defendant.)

     On May 6, 2013, the Court sentenced Petitioner to a
144 month term of imprisonment, along with a 5 year
period of supervised release.  (J. & Commitment Order
([Crim.] Doc. No. 414).)

     On April 24, 2014, Petitioner filed the instant
Motion.  Construing the Motion liberally, it asserts
three claims for relief under § 2255:

1

2      (1) the Court erred by convicting him without

3           substantial evidence;

4      (2) due process was violated because the Government

5           used prior felonies listed in criminal history

6           reports to enhance his criminal history, when he

7           was not, in fact, convicted of those prior

8           felonies;

9      (3) Defense counsel "induced" him to sign the plea

10          agreement.

11

12  (Mot. at 5.)

13

14                      **III. LEGAL STANDARD**

15      Section 2255 authorizes the Court to "vacate, set

16  aside or correct" a sentence of a federal prisoner that

17  "was imposed in violation of the Constitution or laws of

18  the United States."  28 U.S.C. § 2255(a).  Claims for

19  relief under § 2255 must be based on some constitutional

20  error, jurisdictional defect, or an error resulting in a

21  "complete miscarriage of justice" or in a proceeding

22  "inconsistent with the rudimentary demands of fair

23  procedure."  United States v. Timmreck, 441 U.S. 780,

24  783–84 (1979).  If the record clearly indicates that a

25  movant does not have a claim or that he has asserted "no

26  more than conclusory allegations, unsupported by facts

27  and refuted by the record," a district court may deny a §

28

                              4

2255 motion without an evidentiary hearing. <u>United States v. Quan</u>, 789 F.2d 711, 715 (9th Cir. 1986); <u>see also</u> <u>United States v. Chacon-Palomares</u>, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

## IV. DISCUSSION

**A.   Petitioner's Claims Based on Ineffective Assistance of Counsel Fail**

In the Motion, Petitioner claims his counsel was ineffective for: (1) inducing him to sign the Plea Agreement and (2) failing to object to the calculation of his criminal history category using felonies of which he was not convicted.  These claims were not waived in the Plea Agreement (<u>see</u> Plea Agreement ¶ 20), nor could they have been.  See <u>United States v. Pruitt</u>, 32 F.3d 431, 432-33 ("We doubt that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain."); <u>Washington v. Lampert</u>, 422 F.3d 864, 871 (9th Cir. 2005) (finding that waivers cannot bar ineffective assistance of counsel claims associated with the negotiation of plea agreements).

1    To establish ineffective assistance of counsel, a
2  defendant must prove: (1) "counsel's representation fell
3  below an objective standard of reasonableness," and (2)
4  there is a reasonable probability that, but for counsel's
5  errors, the result of the proceeding would have been
6  different." Strickland v. Washington, 466 U.S. 668,688,
7  694 (1984). The "likelihood of a different result must
8  be substantial, not just conceivable." Harrington v.
9  Richter, 131 S. Ct. 770, 792 (2011).
10
11    **1.  Counsel's Inducement to Sign the Plea Agreement**
12    Petitioner alleges that his trial counsel induced him
13  to sign the Plea Agreement. (Mot. at 5.) The Motion,
14  however, contains no facts or evidence to support this
15  claim or to demonstrate that he was coerced or
16  erroneously induced into signing the Plea Agreement. The
17  record does indicate, however, that the Court
18  specifically asked Petitioner during the plea colloquy if
19  anyone had promised him anything, aside from the benefits
20  of the Plea Agreement, in exchange for his guilty plea.
21  Petitioner answered no, and stated that he was pleading
22  guilty voluntarily.
23
24    Petitioner's bare assertion that he was wrongfully
25  induced by defense counsel to sign the Plea Agreement,
26  absent any supporting evidence, constitutes an
27  insufficient basis to conclude that counsel's conduct was
28

ineffective.   The Court finds Petitioner's statements at
the change of plea hearing, made under penalty of
perjury, more credible than the conclusory allegations
asserted in the Motion.   To the extent the Motion argues
to the contrary, the Court finds those allegations have
little weight.   <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63,
74 (1977) ("[S]olemn declarations in open court carry a
strong presumption of verity.")   Moreover, the Motion
lacks any detail about how Petitioner's counsel may have
wrongfully induced him to sign the Plea Agreement.   A
district court may deny a § 2255 motion if the petitioner
asserts "no more than conclusory allegations, unsupported
by facts and refuted by the record."   <u>See</u> <u>United States</u>
<u>v. Chacon-Palomares</u>, 208 F.3d 1157, 1159 (9th Cir.
2000)(quoting 28 U.S.C. § 2255).

     Additionally, when assessing "the petitioner's claim
that ineffective assistance led to the improvident
acceptance of a guilty plea, the Court [has] required the
petitioner to show 'that there is a reasonable
probability that, but for counsel's errors, [the
defendant] would not have pleaded guilty and would have
insisted on going to trial.'"   <u>Lafler v. Cooper</u>, 132 S.
Ct. 1376, 1384-85 (2012).   Petitioner has made no such
showing here.

1    Thus, the Court finds that Petitioner's counsel was

2  not ineffective with respect to Petitioner's acceptance

3  of the Plea Agreement and his subsequent guilty plea, and

4  accordingly, DENIES the Motion on this ground and finds

5  that the Plea Agreement remains valid.

6

7    **2.    Counsel's Failure to Object to the Court's**

8         **Calculation of His Criminal History Category**

9    Petitioner avers that "the government used old prior

10 felonies based on criminal history reports, instead of

11 court judgements (sic) as due process. . . . [I] was

12 never convicted of such charges."  (Mot. at 5.)

13 Petitioner further contends that his trial counsel's

14 performance was ineffective for failing to object to the

15 use of prior felonies in the determination of his

16 sentence.  (<u>Id.</u> ("[trial counsel] failed to object in

17 open court against the government's usage of [these] old

18 prior felonies . . . .").)[3]

19

20

21 _____

22    [3]    To the extent Petitioner claims that the Court
   erred in its calculation of his criminal history category
   in the first instance, the Plea Agreement bars that
23 claim.  (<u>See</u> Plea Agreement ¶ 19 ("Defendant agrees that,
   provided the Court imposes a term of imprisonment within
24 or below the range corresponding to an offense level of
   31 and the criminal history category calculated by the
25 Court, defendant gives up the right to appeal all of the
   following: (a) the procedures and calculations used to
26 determine and impose any portion of the sentence; (b) the
   term of imprisonment imposed by the Court . . . .").)
27 The Court calculated Petitioner's total offense level to
   be 31.  (<u>See</u> Statement of Reasons ([Crim.] Doc. No. 410)
28 at 1.)

To the extent Petitioner contends the Court erred by relying on computer databases rather than the physical copies of court or police records in determining his criminal history category, this claim lacks merit.  At sentencing, the district court is not limited to only considering information admissible at trial or limited by the Federal Rules of Evidence; rather, the court "may consider information that 'has sufficient indicia of reliability to support its probable accuracy.'"  United States v. Langer, 618 F.3d 1044, 1047 (9th Cir. 2010) (quoting USSG § 6A1.3(a)).

Here, the Court relied upon the Presentence Report ("PSR") in determining Petitioner's criminal history category.  ([Crim.] Doc. No. 339.)  In the Presentence Report, the Probation Officer assigned to this case stated that she searched through existing records in making her findings concerning Petitioner's criminal history.  The PSR States that

> A criminal record inquiry was conducted through the Justice Data Interface Controller System (JDIC) which accesses several databases on the county, state and national level.  Arrest records and court records were obtained from the following additional sources: San Bernardino Superior Court; Redlands Municipal Court; San Bernardino Sheriff's Department (SBSD); Redlands Police Department (RPD); California Department of Corrections (CDC); and the California Department of Motor Vehicles (DMV).

(PSR ¶ 41.)  Those documents reveal a lengthy criminal history.  (See id. ¶¶ 43-98.)  Pursuant to Ninth Circuit precedent, the Court was not required to obtain certified copies of judgments or other records in order to rely upon them for purposes of sentencing.  Instead, it was permissible to rely on a Probation Officer's representations about a defendant's criminal history where "there is no 'discernable reason' to question the probation officer's honesty, and the sources relied on by the probation officer are equally trustworthy." United States v. Felix, 561 F.3d 1036, 1042 (9th Cir. 2009) (citing United States v. Marin-Cuevas, 147 F.3d 889, 891, 894 (9th Cir. 1998) and United States v. Romero-Rendon, 220 F.3d 1159, 1163 (9th Cir. 2000)).  This is especially true where the defendant "offer[s] no evidence to contradict the PSR but only argue[s] that the government failed to sustain its burden of proof." Id. (citing United States v. Felix, 561 F.3d 1036, 1043 (9th Cir. 2009)).  Such is the case here.  The PSR relied upon official records obtained from government databases and the record indicates no reason to believe the Probation Officer had any reason to prevaricate. Marin-Cuevas, 147 F.3d at 895.  Petitioner does not contend that the record of any particular crime in his criminal history is in dispute, only that the Government has failed to meet its burden to show that he was actually convicted of, or was arrested for, those crimes.  Accordingly, the Court's

reliance on the PSR, and the records referenced therein, was proper.  As "the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel," (see Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982)), the Court finds that Petitioner's trial counsel did not render ineffective assistance for failing to object to the use of the PSR to determine his criminal history, and accordingly, the Court DENIES the Motion on this ground.

**B.   Petitioner's Remaining Claim Regarding the Sufficiency of the Evidence is Barred by His Plea Agreement**

As noted above, the Plea Agreement agreed to by Petitioner contained explicit waivers of his right to bring a direct appeal and to bring a post-conviction collateral attack on his sentence in most respects.  (See Plea Agreement ¶¶ 18-20.)  Waivers of direct appeal and post-conviction relief rights are valid, so long as those waivers are express.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Thus, Petitioner's claim that he was convicted without substantial evidence is barred by the terms of the Plea Agreement, and is not covered by any exception

contained therein.  Accordingly, the Court DENIES the
Motion on this ground.[4]

**C.   The Additional Allegations in Petitioner's Response
and "Motion to Comply"**

**1.   Petitioner's Plea Agreement**

In Petitioner's Response, he makes additional
allegations concerning his Plea Agreement.
Specifically, he contends that the Plea Agreement
reserved his right to file a direct appeal, and that the
Court indicated as much at his sentencing.  (Response
at 3-4.)  Additionally, he contends that his trial
counsel was required to submit a direct appeal on his
behalf, but failed to do so.  (Id.)

Preliminarily, the Court is not required to address
issues first raised in a reply brief.  See Montes v.
United States, 2012 WL 3778856, at *5 (E.D. Cal. Aug. 31,
2012) (denying ineffective assistance claim in § 2255
motion where first raised in a reply brief).  In any
event, Petitioner is mistaken that his Plea Agreement
reserved the right to file a direct appeal.  As noted
previously, the Plea Agreement contains express waivers
of the right to appeal his conviction, the calculation of

---

[4]   Not only is this claim barred by the Plea
Agreement, it has also been procedurally defaulted due to
Petitioner's failure to raise this claim on direct
appeal.  See Bousley v. United States, 523 U.S. 614, 622
(1998).

his sentence, subject to conditions precedent that did
not occur, and his right to bring a post-conviction
collateral attack on his conviction or sentence.  (Plea
Agreement ¶¶ 18-20.)

Moreover, at the close of sentencing, the Court noted
that although he had gave up most of his appellate rights
through the Plea Agreement, Petitioner still had the
right to file an appeal within fourteen days of the date
of sentencing, provided he had proper grounds to file
such an appeal.  Petitioner stated that he understood.
Accordingly, to the extent Petitioner's Response raises
additional grounds for relief, the Court DENIES those
claims as well.

### 2.    Petitioner's Allegations Concerning Document Production

Petitioner further faults the Government for not
complying with the Court's Order requiring a Return to
Petitioner's Motion.  (See Response at 1-2 (quoting Order
Requiring Return ([Civ.] Doc. No. 3)).)  Petitioner
appears to renew this allegation in the Motion to Comply.
(Motion to Comply at 1.)  In the Order Requiring Return,
the Court stated that "the United States Attorney [shall]
file a Return to the motion on or before June 2, 2014,
accompanied by all records, and that Respondent [shall]
serve a copy of the Return upon the Petitioner prior to

13

the filing thereof."  (Order Requiring Return at 1.)
Petitioner appears to be under the impression that this
Order required the Government to submit: (1) all
documents supporting his criminal history calculation;
(2) documents demonstrating that he was read his <u>Miranda</u>
rights; (3) documents pertaining to an allegedly unlawful
wiretap, and (4) a certification that it employed a
certified Spanish language interpreter during the
investigation that led to his arrest.  (Response at 2-3.)

Petitioner is mistaken.  The Court's Order only
requires the United States Attorney to produce all
records *relevant to the filing of the Return*.  Here, no
additional documents were necessary in the resolution of
the Motion.  Accordingly, the Court declines to find that
the Government failed to comply with the Court's order.[5]

---

[5]    Petitioner also filed a "Motion to respond to
Notice of Discrepancy" on August 19, 2014, stating his
hope that the previously filed Notices of Discrepancy
will not affect the adjudication of the instant Motion.
([Civ.] Doc. No. 8.)

1

**V. CONCLUSION**

2      For the foregoing reasons, the Court DENIES

3 Petitioner's Motion.

4

5

6 Dated: September 18, 2014

7                                        VIRGINIA A. PHILLIPS

8                               United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28